# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| **JACOB DILLINGHAM** : | Case No. <u>**1:18-cv-347**</u> | |
| **7895 Tyler's Way** : | | |
| **West Chester, OH  45069** : | Judge _____ | |
| : | | |
| **Plaintiff,** : | | |
| : | | |
| **-vs-** : | | |
| : | | |
| **MAUSER USA, LLC** : | **COLLECTIVE AND CLASS ACTION** | |
| **c/o Corporation Service Company** : | **COMPLAINT WITH JURY DEMAND** | |
| **50 West Broad Street, Suite 1330** : | <u>**ENDORSED HEREON**</u> | |
| **Columbus, OH  43215** : | | |
| : | | |
| **Defendant.** : | | |

Plaintiff Jacob Dillingham ("Plaintiff"), complaining of Defendant Mauser USA, LLC ("Defendant") states as follows:

## PRELIMINARY STATEMENT

1. This is a collective/class action brought by Individual and Representative Plaintiff Jacob Dillingham on his own behalf and on behalf of the proposed class identified below. Plaintiff and the putative class members were or are employees of Defendant, unlawfully denied appropriate compensation required by federal and Ohio wage and hour laws.  These individuals are similarly-situated under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §216(b), and Rule 23 of the Federal Rules of Civil Procedure.

2. The FLSA Collective Class, and the Ohio Rule 23 Class, is made up of all individuals who currently work or previously worked for Defendant anywhere in the United States for the applicable statutory period (the "Class Period").

3. During the Class Period, Defendant failed to pay appropriate compensation to each member of the respective classes as required by federal and Ohio law, because each such individual had his/her time records unlawfully rounded down, and beyond the maximum quarter-hour permitted by law. Plaintiff and the respective class members seek relief for the Collective Class pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 201-219; and for the Ohio Class pursuant to the Ohio Revised Code, Section 4111, to remedy Defendant's failure to pay appropriate compensation.

## PARTIES

4. Plaintiff Jacob Dillingham ("Dillingham") is a resident of Butler County, Ohio.

5. Defendant Mauser USA, LLC ("Defendant") is a limited liability company organized in New Jersey, registered as a foreign corporation in Ohio, and doing business in Mason, Ohio.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 as this case is being brought under a federal statute, the Fair Labor Standards Act, 29 U.S.C. § 203 *et seq.* This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

7. Venue is proper in this District and Division because Defendant is located in this District and Division, and the events complained of occurred in this District and Division.

## FACTUAL ALLEGATIONS

8. Defendant is a manufacturer of steel drums.

9. Dillingham is an engineer, who began working for Defendant on September 21, 2017 as a service technician at its Mason, Ohio location.

10.    Dillingham's primary duties were to work on Defendant's machinery when it broke down to allow Defendant to resume production of steel drums.

11.    Defendant utilizes a timekeeping software called "Primepoint Time System" for its hourly non-exempt employees such as Plaintiff.

12.    That system uniformly and consistently rounded time down, rather than rounding to the nearest increment whether up or down, as required by the FLSA.

13.    That system also uniformly rounded time beyond 0.25 hours, in violation of the FLSA.

14.    That system automatically deducted 0.50 hours for unauthorized lunch breaks, in violation of the FLSA, 29 CFR § 785.11.

15.    Upon information and belief, Defendant's timekeeping software is utilized at all of its facilities across the country, for thousands of non-exempt employees.

16.    Defendant's "Primepoint Time System", as used by Defendant, violates 29 CFR § 783.48, 29 CFR § 785.11 and Ohio Revised Code Chapter 41.

## COLLECTIVE/CLASS ALLEGATIONS

17.    Plaintiff brings this action on behalf of himself and other similarly-situated individuals as authorized under the FLSA, 29 U.S.C. § 216(b).  The Representative Plaintiff has signed a consent form to institute this lawsuit, which is attached hereto as Exhibit A.  The employees similarly-situated are:

> **Collective Class:**  All persons who are working or have worked at any of Defendant's facilities in the United States as a non-exempt hourly employee, at any time from three years prior to the filing of this Complaint until the final disposition of this case.

18. Defendant has suffered and permitted Plaintiff and the Collective Class to work without appropriate compensation, in violation of the FLSA.

19. Defendant is liable under the FLSA for failing to properly compensate Plaintiff and the Collective Class, and as such, notice should be sent to the Collective Class. There are numerous similarly-situated individuals who have been denied appropriate compensation by Defendant, who would benefit from issuance of Court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly-situated individuals are known to Defendant and are readily identifiable through Defendant's records.

20. Plaintiff (as an "Ohio Class Representative") also brings this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the following defined class:

> **Ohio Class:** All persons who are working or have worked at any of Defendant's facilities in the United States as a non-exempt hourly employee, at any time from three years prior to the filing of this Complaint until the final disposition of this case.

21. Numerosity: The Ohio Class is so numerous that joinder of all members is impracticable.

22. Typicality: Plaintiff's claims are typical of the members of the Ohio Class. Like other employees who work(ed) at Defendant as a non-exempt hourly employee, Plaintiff was required to work without appropriate compensation during the Class Period. Plaintiff was subject to Defendant's regular policy and practice of failing to pay appropriate compensation in compliance with Ohio law.

23. Superiority: A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of the wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits in court against a multi-national corporate defendant, such as this Defendant.

24. Adequacy: Plaintiff will fairly and adequately protect the interest of the Ohio Class, and has retained counsel experienced in complex wage and hour class litigation.

25. Commonality: Common questions of law and fact exist to all members of the Ohio Class and predominate over any questions solely affecting individual members of the Ohio Class, including but not limited to:

    a. Whether Defendant unlawfully failed to pay appropriate compensation to members of the Ohio Class;

    b. The proper measure of damages sustained by the Ohio Class; and

    c. Whether Defendant's actions were "willful."

26. This case is maintainable as a class action under Federal Rule of Civil Procedure § 23(b)(1) because prosecution of actions by or against individual members of the Ohio Class would result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for Defendant.

27. Class certification is appropriate under Federal Rule of Civil Procedure § 23(b)(3) because questions of law and fact common to the Ohio Class predominate over any questions affecting only individual members of the Ohio Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendant's common and uniform policies and practices denied the Ohio Class the appropriate compensation to which they are entitled. The damages suffered by the individual Ohio Class members are

small compared to the expense and burden of individual prosecution of this litigation. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's practices.

28. Plaintiff intends to send notice to all members of the Ohio Class to the extent required by Rule 23. The names and addresses of the Ohio Class are available from Defendant.

## FIRST CLAIM FOR RELIEF – COUNT I

### (On behalf of the Collective Class: Violations of the FLSA)

29. Plaintiff and the Collective Class allege and incorporate by reference the allegations contained in the preceding paragraphs.

30. At all relevant times, Defendant was an "employer" engaged in interstate commerce and/or in the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203. At all relevant times, Defendant employed employees, including Plaintiff and each member of the Collective Class.

31. Plaintiff consents in writing to be a part of this action, pursuant to 29 U.S.C. § 216(b). His consent form is filed herewith as Exhibit A. As this case proceeds, it is likely that other individuals will sign consent forms and join as plaintiffs.

32. The FLSA requires that covered employers such as Defendant compensate employees such as Plaintiff and the Collective Class at an appropriate regular and overtime rate for all work performed for its benefit, and not subject to a statutory exemption. As detailed above at ¶11-16, Defendant failed to do so. Upon information and belief, Defendant's failure to abide by the FLSA was willful.

33. By failing to properly track and credit the time worked for Defendant by Plaintiff and the Collective Class as employees, Defendant unlawfully denied Plaintiff and the Collective Class members appropriate compensation in violation of the FLSA, 29 U.S.C. § 201, *et seq.*

34. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

35. Plaintiff, on behalf of himself and the Collective Class, seeks damages in the amount of the unpaid compensation, liquidated damages as provided by the FLSA, 29 U.S.C. § 216(b), and such other legal and equitable relief as the Court deems just and proper.

36. Plaintiff, on behalf of himself and the Collective Class, seeks recovery of attorneys' fees and costs to be paid by Defendant, as provided by the FLSA, 29 U.S.C. § 216(b).

## SECOND CLAIM FOR RELIEF – COUNT II

**(On behalf of the Ohio Class: Violations of Ohio Law)**

37. Plaintiff, as the Ohio Class Representative, and the Ohio Class allege and incorporate by reference the allegations in the preceding paragraphs.

38. R.C. Chapter 41 requires an employer, such as Defendant, to pay to its employees such as Plaintiff and the Ohio Class appropriate compensation, "in the manner and methods provided in and subject to the exemptions of section 7" of the FLSA.

39. By failing to properly track and credit the time worked by Plaintiff and the Collective Class, Defendant unlawfully denied Plaintiff and the Ohio Class members appropriate compensation in violation of R.C. Chapter 41. Pursuant to R.C. Chapter 41, Plaintiff and the other Class Members are entitled to recover damages.

40. As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, Plaintiff and the Ohio Class have sustained damages in an amount to be established at trial.

## **PRAYER FOR RELIEF**

41. **WHEREFORE**, Plaintiff on behalf of himself and all members of the Collective Class and the Ohio Class, prays for relief as follows:

   a. That the Court determine that this action may proceed as a collective action under 29 U.S.C. § 216(b) and that prompt notice thereof be issued to all similarly-situated members of the Collective Class apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual consent forms pursuant to 29 U.S.C. § 216(b); and certification of this action as a class action under Rule 23 of the Federal Rules of Civil Procedure;

   b. That Defendant is found to have violated the FLSA and the Ohio Revised Code as to Plaintiff and the Collective/Ohio Class;

   c. That Defendant's violations as described above are found to be willful and therefore entitle Plaintiff and the Collective/Ohio Class to an award of liquidated damages;

   d. That Defendant further be enjoined to cease and desist from unlawful activities in violation of the FLSA and the Ohio Revised Code;

   e. An award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b), R.C. § 4111.10 and other applicable law; and

f. For such other and further relief, in law or equity, as this Court may deem appropriate and just.

Respectfully submitted

/s/ *Brian P. Gillan*
Brian P. Gillan (0030013)
FREKING MYERS & REUL LLC
600 Vine Street, 9th Floor
Cincinnati, OH 45202
PH: 513/721-1975 – FX: 513/651-2570
*bgillan@fmr.law*

and

*/s/ Matt Miller-Novak*
Matthew Miller-Novak (0091402)
GODBEY LAW
708 Walnut Street, Suite 600
Cincinnati, Ohio 45202
PH: 513/241-6650 – FX: 513/241-6649
*Matt@godbeylaw.com*

***Trial Attorneys for Plaintiff***

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

/s/ *Brian P. Gillan*